UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-336-H

SPRINGWATER OCOEE                                                           PLAINTIFF

v.

LOUISVILLE METRO HOUSING AUTHORITY, SEC. 8 *et al.*            DEFENDANTS

## MEMORANDUM OPINION

Without the assistance of counsel, Plaintiff Springwater Ocoee filed a complaint proceeding *in forma pauperis*. This matter is before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss some of Plaintiff's claims and allow others to proceed.

### I.

Plaintiff used a court-supplied general complaint form to initiate this lawsuit.[1] She sues Louisville Metro Housing Authority, Sec. 8 ("LMHA"); Section 8 Housing Staff; Corporate Security; and what appear to be six LMHA staff members–Juanita Mitchell, Juan Hunter, Sherry Churchill, Larry Bagley, Sylvester Paige, and Pat Lassiter. Plaintiff also sues four individuals whom she identifies as residents of St. Catherine Court–Ethel Newman, Leola Fisher, Norma Dudley, and William Ewing. She also sues Goldie Dunn and Joe Campbell, whom she identifies as buyers of her car.

---

[1] Subsequent to filing the complaint, Plaintiff moved to dismiss her claims against Louisville Metro Police Department and its employees. The Court granted her motion by separate Memorandum and Order entered this date. Therefore, Plaintiff's claims against these Defendants are not addressed herein.

In the body of her complaint, Plaintiff states that she lost her house and then moved into St. Catherine Court. She states that Defendants Newman, Dudley, and Fisher committed hate crimes against her and that Defendant Ewing threatened her life twice because of her race. Plaintiff states that she is "Native American/white." She further states that "all offenses have been committed against me by black people except one, Larry Bagley, who grabbed my breast."

Plaintiff further states, "They've put me off 1 yr. ½ for a handicap apt. . . . They put me from 43 to 8,403 on the Sec. 8 waiting list." She states, "My civil rights and constitutional rights, as a disabled, senior, Native American have been completely denied since July 2009 by LMHA." She states that, "LMHA, Section 8 office violated Disability laws, violated civil rights, violated constitutional rights in housing." Plaintiff further states that she has been "racially, physically, sexually assaulted Harrassed, not allowed same rights as other tenants Denied activities, Denied canine companion & therapy dog. Ignored all doctors orders. Ask to be transferred to Noltemyer in Okolona 1 ½ years ago. Put at bottom of list everytime."

After filing the original complaint, Plaintiff filed a second complaint on a general complaint form, which the Court construes as a supplement to the complaint. There she names Joseph "Tony" Edlin as a Defendant. As grounds for filing the case in federal court, Plaintiff states, "Racial Slurs, stalking, Threatening my life on three occassions, following and watching me each time I leave my apt or the building." She states that Defendant Edlin is "a black male whom hangs with the drug dealers whom live here in the complex." She states that Defendant Edlin threatened to kill her.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 604-05. Upon review, this Court must

dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

**A.     Louisville Metro Housing Authority, Sec. 8 and Sec. 8 Housing Staff**

Construing the *pro se* complaint broadly, as the Court is required to do at this stage, *Boag v. MacDougall,* 454 U.S. at 365, Plaintiff states that she was denied constitutional rights in housing, denied a handicap apartment, moved to the bottom of the waiting list for Section 8 housing, not allowed the same rights as other tenants, and denied her canine companion and therapy dog by LMHA and the Section 8 Housing Staff. She states that she was denied civil rights as a "disabled, senior, Native American." Upon review, the Court will allow Plaintiff's claims against Defendants LMHA and Section 8 Housing Staff for discrimination in violation of the Fair Housing Act to proceed past initial review. In permitting these claims to proceed, the Court passes no judgment on their ultimate outcome.

**B.     Bagley**

Plaintiff alleges that Defendant Bagley, who appears to be an employee of LMHA, grabbed her breast. While such conduct is deplorable and offensive, courts have routinely held that isolated incidents of sexual touching which do not result in injury do not give rise to a constitutional claim. *See Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and failed to state a constitutional claim); *Johnson v. Ward*, No. 99-1596, 2000 U.S. App. LEXIS 11463, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not state constitutional claim). Accordingly, Plaintiff's claim against Defendant Bagley will be dismissed for failure to state a claim upon which relief may be granted.

C.  **Mitchell, Hunter, Churchill, Paige, Lassiter, Corporate Security, Dunn, and Campbell**

The complaint makes no reference to Defendants Mitchell, Hunter, Churchill, Paige, Lassiter, or Corporate Security, except in Plaintiff's lists of Defendants. Plaintiff states no facts regarding these Defendants' personal involvement in the events giving rise to the complaint. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which she complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). As the complaint contains no facts concerning these Defendants, the claims against them will be dismissed for failure to state a claim upon which relief may be granted.

As to Defendants Dunn and Campbell, Plaintiff identifies them only as the buyers of her car and states "ask Chief White for info on these people, would not give me any info." These references are not sufficient to give these Defendants fair notice of the basis for Plaintiff's claims against them. Therefore, the claims against Defendants Dunn and Campbell will also be dismissed for failure to state a claim.

D.  **Newman, Fisher, Dudley, Ewing, and Edlin**

Plaintiff states that Defendants Newman, Dudley, and Fisher committed hate crimes against her and that Defendants Ewing and Edlin threatened her life because of her race. She identifies these Defendants as residents of her apartment complex.

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed against anyone. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). Therefore, Plaintiff cannot bring criminal charges against any individual by filing an action in this Court. Accordingly, Plaintiff's claims against Defendants Newman, Dudley, Fisher, Ewing, and Edlin will also be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's claims against Defendants Corporate Security, Mitchell, Hunter, Churchill, Bagley, Paige, Lassiter, Dunn, Campbell, Newman, Dudley, Fisher, Ewing, and Edlin are **DISMISSED** and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Louisville Metro Housing Authority, Sec. 8 and Section 8 Housing Staff for discrimination in violation of the Fair Housing Act will be allowed to proceed. The Court will enter a separate Scheduling Order governing the development of these remaining claims.

Date:

cc: Plaintiff, *pro se*
4412.010

6