UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11CV-336-H

SPRINGWATER OCOEE                                                                                    PLAINTIFF

V.

LOUISVILLE METRO HOUSING AUTHORITY                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This Court recently held a conference to discuss all aspects of the case. Plaintiff, Springwater Ocoee, and counsel for the Housing Authority appeared in person. Plaintiff filed her complaint over a year ago. Much of the original causes of action have been dismissed.

At this point, Plaintiff's complaint is that she was denied access to Metro Housing Authority accommodations based on her gender or race. She also says that she was retaliated against after filing this lawsuit. The Court asked Plaintiff to describe the evidence which might support her claims. Plaintiff described a series of events beginning with an alleged unlawful police stop during which the police allegedly took $1,500 in cash. This resulted in her losing her house which resulted in her needing to seek housing from the Housing Authority. Thereafter, from time to time, Plaintiff did reside in Housing Authority accommodations. However, most recently she was evicted from public housing for her alleged participation in a fight. This matter was appealed to Jefferson District Court where her case was dismissed and the eviction upheld.

The Court told Plaintiff that she could have an additional period of time to develop her case or to submit proof. Plaintiff said that she would not submit additional evidence, except for

a mass of unorganized papers which she kept in a cloth bag. The Court declined to accept the bag of papers. Plaintiff could not describe a plausible cause of action during the hour discussion with the Court. The complaint itself suggests that she was not given proper credit for being a "homeless" person and, therefore, was not placed properly on the Housing Authority wait list.

Admittedly, there are many barriers to Plaintiff's proceeding with her claims: she lacks understanding of the law and may perceive unlawful activity where none exists. She is poor and homeless. Therefore, she does not have the resources to pursue a case. She has no attorney and the Court could not determine whether she had tried to obtain one. Though she is convinced that others have harmed her or discriminated against her, she seemed unwilling to pursue evidence to convince the Court of her claims. By declining the opportunity to either present or organize evidence on her behalf, Plaintiff declares some unwillingness to go forward. In such circumstances, the Plaintiff cannot possibly succeed in her claims, as the Court cannot make the argument of facts for her. Nevertheless, the Court will allow three additional months for discovery of evidence which might prove Plaintiff's claims. The Court will consider any appropriate motion thereafter.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the parties are allowed to and including **September 19, 2012**, to complete discovery. After the end of the discovery, the Court will consider any appropriate motions.

cc: Counsel of Record and Pro-Se Plaintiff