**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

SPRINGWATER OCOEE                                                          PLAINTIFF

V.                                               **CIVIL ACTION NO. 3:11-CV-336-H**

LOUISVILLE METRO HOUSING AUTHORITY                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Not long ago, Ms. Ocoee filed a motion requesting certain discovery (docket no. 65), which the district court referred to the undersigned magistrate judge for disposition (docket no. 73). Having reviewed Ms. Ocoee's discovery requests, the responses thereto on file with this court (docket no. 68), and being mindful of the district court's reminder that Ms. Ocoee's only remaining claim in this matter is against the Louisville Metro Housing Authority (*see* docket no. 67), and being otherwise sufficiently advised, the magistrate judge finds that the responses are appropriate and adequate.

Of Ms. Ocoee's sixteen enumerated discovery requests, most are not relevant to her claim that the Louisville Metro Housing Authority discriminated against her on the basis of race, age, gender, or disability, nor are they reasonably likely to lead to the discovery of admissible evidence. (For example, Request No. 8 asks for "[a]ll files listing deaths at St. Catherine Court and notice to family for the last ten years" and Request No. 11 asks for "[a]ll reports of drug activities, remedial actions by Staff of LMHA.") Other requests seek information that, in addition to not being likely to lead to the discovery of relevant information, predates the time period in which the alleged discrimination took place. (For example, Request No. 10 asks for "[a]ll files, inter-office emails and complaints pertaining to any and all illegal activities reported by residents and security for the past 10 years.")

The only request that is appropriately tailored to obtain relevant documents, or the discovery of information reasonably likely to lead to the discovery of admissible evidence, is Request Nos. 1, to which the LMHA has responded appropriately. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, which govern discovery in federal civil cases such as this one, a party is permitted simply to make the requested information available for inspection and copying at a reasonable time and place. In this case, the defendant offered to permit Ms. Ocoee to inspect the documents at its main office, and requested that Ms. Ocoee schedule an appointment to do so through its attorney.[1] This is permitted by the applicable rules.

There are four discovery requests (Nos. 2-4, 9, 13, 16) that could be construed as seeking information reasonably likely to lead to the discovery of admissible evidence, if they had been more precisely written and narrower in scope. The defendant's responses and objections to them as they are currently written are appropriate, however.

Accordingly, **IT IS HEREBY ORDERED** that Ms. Ocoee's motion to compel (docket no. 65) and her motion for a hearing or to order files to be produced (docket no. 71) are **DENIED**.

    **DATE:**

cc:    plaintiff, *pro se*
       counsel of record

---

[1] In a related "Motion for Hearing by Default or to Order Files" (docket no. 71), Ms. Ocoee asserts that the defendant's response to Request No. 1 is untenable because she is afraid that her life would be in danger if she did so. This response is premised on her misunderstanding that the inspection would take place at the defendant's attorney's office, but, regardless, she has provided the court with no supportable reason for her belief that her life would be in danger, even if the documents were to be inspected at the attorney's office. Accordingly, the court will deny this motion.